IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD RAY PEVIA, JR., Plaintiff | * | |
| | * | |
| v. | | Civil Action No.: ELH-12-625 |
| | * | |
| CARROLL HOSPITAL CENTER Defendant | * | |
| | ****** | |
| DONALD RAY PEVIA, JR., Plaintiff | * | |
| | * | |
| v. | | Civil Action No.: ELH-12-626 |
| | * | |
| ST. AGNES HOSPITAL Defendant | * | |
| | ******* | |
| DONALD RAY PEVIA, JR., Plaintiff | * | |
| | * | |
| v. | | Civil Action No.: ELH-12-627 |
| | * | |
| ST. AGNES HOSPITAL Defendant | * | |
| | ******* | |
| DONALD RAY PEVIA, JR., Plaintiff | * | |
| | * | |
| v. | | Civil Action No.: ELH-12-628 |
| | * | |
| CARROLL HOSPITAL CENTER Defendant | * | |
| | ******* | |

**MEMORANDUM**

The above referenced cases were filed by self-represented inmate Donald Ray Pevia, Jr. ECF Nos. 1. Plaintiff asserts jurisdiction in this court under 28 U.S.C. §§ 1331, 1343(a), and 1367 for alleged civil rights violations under 42 U.S.C. § 1983. The instant cases raise identical claims

regarding the medical care provided to the decedent Ky'liegh Rodgers. As such, consolidation is appropriate. Civil Action No. 12-625 shall be designated the lead case and all further papers shall be docketed only in that case.

Plaintiff states that, on or about February 25, 2009, he and Angela M. Mabe brought eight month old Ky'liegh M. Rogers into the Emergency Room at Carroll Hospital, reporting that the child had fallen a few days earlier. Prior to the child's evaluation by medical personnel Angela Mabe left the hospital with the child. ECF No. 1, Civil Action No. ELH-12-625.[1]

Further, plaintiff alleges that, on February 26, 2009, he and Angela Mabe took Ky'liegh Rodgers to St. Agnes Hospital to be treated for a fall. Angela Mabe reported injuries to Ky'liegh's head and face and asked hospital personnel to examine the child's side. Plaintiff states that Ky'liegh was discharged without x-rays being taken. ECF No. 1, Civil Action No. ELH-12-626.[2]

Plaintiff states that, on March 3, 2009, Ky'liegh Rodgers died. An autopsy revealed old and new rib fractures dating at least three weeks prior to her death. Plaintiff states that he was charged and ultimately found guilty of the death of Ky'liegh Rodgers.[3]   ECF Nos. 1.

According to plaintiff, hospitals are required to report any suspicious activity; thus, Carroll Hospital should have immediately notified Child Protective Services and the Maryland State Police when Angela Mabe left the hospital without the child being seen. *Id.*, Civil Action No. ELH 12-625.

---

[1] Civil Action No. ELH-12-628 reiterates these claims.

[2] Civil Action No. ELH-12-627 reiterates these claims.

[3] Plaintiff states that during the criminal proceedings he was "labeled the primary caregiver of Ky'liegh" and thus has been given authority to file the instant case on behalf of the decedent. It does not appear that plaintiff had any legal relationship to the decedent. He notes that, under Maryland law, he is prohibited from benefiting from his crime but indicates he maintains his innocence and is in the process of appealing his conviction. He asks that the matters be stayed if they cannot proceed

He also asserts that St. Agnes Hospital should have ordered x-rays after receiving an eight month old infant who allegedly fell 2.5-3 feet onto a tile floor.  And, he alleges that Dr. Dottie Gross lied to investigators when she stated that no mention of injury to the child's side was made by Angela Mabe during Ky'liegh's examination.    ECF No. 1, ELH-12-626.

Plaintiff claims that the autopsy revealed injuries that would have been present on the dates she was brought to the hospitals, and if defendants had acted properly, Ky'liegh's death would have been averted.  He seeks damages "on behalf of Ky'liegh Rodgers" for medical negligence and on his own behalf for pain and suffering. ECF Nos. 1.

Because he appears indigent, plaintiff's request to proceed in forma pauperis, contained in his complaints, shall be granted.  For the reasons that follow, plaintiff's motions for appointment of counsel, also contained within the body of the complaints, shall be denied.

The court is mindful that plaintiff is a pro se litigant.  Therefore, the Court accords a liberal construction to his pleadings.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  A district court, however, must dismiss an action or claim if it determines that the action fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). Defendants are not state actors, nor did they act under the color of state law.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976). Purely private conduct is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See Lugar v. Edmondson Oil Company*, 457 U.S. 922, 936 (1982);

---

at this time due to his conviction.

3

*Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

In limited circumstances, seemingly private conduct can be attributed to the states for purposes of federal question jurisdiction. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *See DeBauche v. Trani*, 191 F. 3d 499, 507 (4th Cir. 1999). The conduct alleged by plaintiff does not fall within these categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir.1993).

Defendants are not amenable to suit under § 1983. Therefore, dismissal is appropriate.[4]

March 6, 2012                                       /s/
Date                                                Ellen L. Hollander
                                                    United States District Judge

---

[4] The court offers no opinion as to whether plaintiff's allegations are sufficient to state a cause of action if brought in the Maryland courts under state law or whether plaintiff has authority to bring suit on behalf of the decedent.